**Tamara CIULLA–NOTO,**
**Plaintiff–Appellant,**

v.

**XEROX CORPORATION,**
**Defendant–Appellee.**

No. 13–8–cv.

United States Court of Appeals,
Second Circuit.

April 24, 2014.

Tamara Ciulla–Noto, pro se, Spencerport, N.Y. (Christina A. Agola, Christina A. Agola, PLLC, Rochester, NY, filed a brief on behalf of Appellant before being relieved), for appellant.

Stephen J. Jones, Esq., Nixon Peabody LLP, Rochester, NY, for appellee.

PRESENT: RICHARD C. WESLEY, DEBRA ANN LIVINGSTON, and RAYMOND J. LOHIER, JR., Circuit Judges.

**SUMMARY ORDER**

Appellant Tamara Ciulla–Noto, proceeding *pro se,* appeals from the judgment of the district court granting summary judgment in favor of Appellee Xerox Corporation as to her claims of hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment in favor of Appellee as to Appellant's claims. We affirm substantially for the reasons stated by the district court in its thorough and well-reasoned order. *See CiullaNoto v. Xerox Corp.,* No. 09–cv–

6451T, 2012 WL 6043882 (W.D.N.Y. Dec. 5, 2012). To the extent that Appellant urges this Court to find that there exist triable issues of material fact, her arguments are foreclosed by her concessions, in the district court, that those facts are undisputed. We have considered all of Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**